IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN STATE OF MISSISSIPPI
SOUTHERN DIVISION

GREG FLORES, BRIAN FLORES, SUSAN F. HAMILTON,
DONALD FLORES, JR. and MARK FLORES                          **PLAINTIFFS**

**VERSUS**                                    CIVIL ACTION NO. 1:08cv471LTS-RHW

STATE FARM FIRE AND CASUALTY INSURANCE                     **DEFENDANT**

### MOTION TO COMPEL RULE 30(b) DEPOSITION

COMES NOW, the Plaintiffs, by and through counsel, and file their Motion to Compel, and would most respectfully show unto the Court the following:

#### I.

On September 17, 2009, counsel for Plaintiff communicated with Defendant's counsel to obtain mutual dates for various depositions to include a corporate designee for the Rule 30(b)(6) deposition. *See* Exhibit "A", attached hereto. Plaintiff's counsel also provided as an attachment the draft copy of the Notice of 30(b)(6) Deposition.

#### II.

On October 6, 2009, counsel for Plaintiff again requested the necessary dates to conduct the depositions; however, no response confirming the dates was provided.

#### III.

On October 26, 2009, counsel for the Defendant provided Plaintiff's counsel with several dates to conduct the deposition; and on the same day Plaintiff's counsel responded requesting that the depositions be set for December 21, 2009 and December 22, 2009. *See* Exhibit "B", attached hereto.

1

**IV.**

After nearly three months attempting to schedule the necessary depositions, and after the depositions were not scheduled, counsel for Plaintiff advised that if the depositions are not scheduled soon, then counsel will be forced to file a motion to compel. *See* Exhibit "C" attached hereto.

**V.**

On December 28, 2009, counsel for Defendant sent a letter to Plaintiffs' counsel making available Rachel Savoy for deposition, but objecting for the first time to the 30(b)((6) deposition. *See* Exhibit "D", attached hereto.

**VI.**

On January 14, 2010, counsel for Plaintiff attempted to confirm that the adjusters nor the corporate designee would be tendered for deposition; and that the delay in deposing the necessary parties and witnesses would no longer be tolerated and Plaintiff would seek judicial guidance. *See* Exhibit "E", attached hereto  Then, on January 18, 2010, counsel for Defendant responded continuing to object to the 30(b)(6) Notice of Deposition without providing clarity as to what areas of nature were overly broad. *See* Exhibit "F", attached hereto.

**VII.**

Plaintiff has made every reasonable and good faith attempt in obtaining the above mentioned deposition. However, the Defendant has failed to produce a corporate designee for the 30(b)(6) deposition. To date, the 30(b)(6) deposition has not been scheduled. Further, the attached 30(b)(6) Notice of Deposition is not overly broad and correctly identifies the necessary issues that need to be addressed in this. *See* Exhibit "G", attached hereto. Plaintiff has attempted to resolve this matter in good faith without intervention by the Court. The parties have signed a Good Faith

Certificate, attached hereto as Exhibit "H".

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request this Honorable Court to enter an Order granting the Motion to Compel Discovery, and providing the Defendant's with ten (10) days to schedule the necessary deposition as requested above. Plaintiffs further request any other relief this Court deems justified.

DATED this the 3rd day of March, 2010.

Respectfully submitted:

By:    /s/ Darryl M. Gibbs_____
       DARRYL M. GIBBS
       ATTORNEY FOR THE PLAINTIFFS

DARRYL M. GIBBS (MSB#100232)
CHHABRA & GIBBS, P.A.
120 North Congress Street, Suite #200
Jackson, Mississippi 39201
Telephone: (601) 948-8005
Facsimile: (601) 948-8010
dgibbs@cglawms.com
*Attorney for Plaintiffs Greg Flores, et al.*

JOHN H. DENENEA, JR. (#18861)
SHEARMAN-DENENEA, L.L.C.
4240 Canal Street, 2nd Floor
New Orleans, LA 70119
Telephone: (504) 304-4582
Telecopier: (504) 304-4587
*Attorney for Greg Flores, et al.*
*Pro Hac Vice*

## CERTIFICATE OF SERVICE

I, the undersigned, Darryl M. Gibbs, Attorney for the Plaintiffs, do hereby certify that I have this day served electronically, a true and correct copy of the above and foregoing to:

James H. Heidelberg, Esq.
Jessica M Dupont, Esq.
Heidelberg, Steinberger,
Colmer & Burrow, P.A.
Post Office Box 1407
Pascagoula, Mississippi  39568-1407

John H. Denenea, Jr., Esq.
SHEARMAN-DENENEA, L.L.C.
4240 Canal Street, 2nd Floor
New Orleans, LA  70119

THIS the 3rd day of March, 2010.

/s/ Darryl M. Gibbs
DARRYL M. GIBBS

## Darryl Gibbs

| | |
|---|---|
| **From:** | Darryl Gibbs |
| **Sent:** | Thursday, September 17, 2009 5:00 PM |
| **To:** | 'Jessica Dupont' |
| **Cc:** | Johnny Denenea; 'Waldina Dominguez' |
| **Subject:** | Taranto and Flores- Depositions |

**Attachments:** Depo Notice- 30b6-Exhibit.docx; Depo Notice- 30b6- Exhibit.docx

Jessica,

Plaintiff seeks depositions of the following individuals:

**Taranto:**

1. Rachael Savoy, adjuster;
2. Corporate Representative(s) by 30(b)(6)

**Flores:**

1. Jim Paul, adjuster,
2. Michelle Durham, adjuster,
3. Corporate Representative(s) by 30(b)(6)

I have attached draft areas of inquiry for the two 30(b)(6) depos.
Please advise as to names of deponents and location for the 30(b)(6) depositions.
Let's get those depositions, as well as, the adjusters' depositions noticed in the near future.
Plaintiff will videotape all of the above referenced depositions for use at trial.
Plaintiff would also request that the depositions be scheduled prior to Mediation currently set for October 29, BUT after Defendant has provided responses to Plaintiffs' propounded discovery.
Plaintiffs are in the process of finalizing their discovery responses and should have them to you shortly.
Thanks.

CONFIDENTIALITY NOTICE:

This message is being sent by or on behalf of a lawyer.  This message is covered by the
*Electronic Communication Privacy Act, 18 U.S.C. Sections 2510-2515*, it is intended for the sole

EXHIBIT
A

use of the intended recipient and may contain information, which is privileged, confidential, or otherwise legally exempt from disclosure.  If you received this message in error, please notify the sender immediately by replying to this e-mail, by telephone at (601) 914-1512 and delete all copies of the message from your computer.

 Please consider the environment before printing this e-mail.

## Darryl Gibbs

| | |
|---|---|
| **From:** | Darryl Gibbs |
| **Sent:** | Monday, October 26, 2009 1:29 PM |
| **To:** | Jessica Dupont |
| **Cc:** | James Heidelberg; John Denenea |
| **Subject:** | Re: Flores/Taranto depos |

Please set for December 21 and 22.

Please confirm locations and times. Thanks.

Sent from my iPhone,
Darryl Gibbs
Tabor, Chhabra & Gibbs
(601) 914-1512
www.tcglegal.com

On Oct 26, 2009, at 10:19 AM, "Jessica Dupont" <JDupont@hscbpa.com> wrote:

> Darryl,
>
> The following dates are good for us, assuming we can get the witnesses:
> November: 9, 10, 16, 23, 24
> December: 2, 3, 14, 17, 21, 22
>
> As of right now I do not have the exact locations of the people you've requested. One is in Webster, TX and another just finished handling a catastrophe in Dallas, but it's unknown if still there. The third's last known location was Cleveland, OH, and we're trying to track down if that has changed.
>
> Thanks,
>
> Jessica
>
> ***Jessica M. Dupont***, Attorney
> HEIDELBERG, STEINBERGER
>   COLMER & BURROW, P.A.
> 711 Delmas Avenue
> Post Office Box 1407
> Pascagoula, MS  39568-1407
> T. 228.762.8021 | F. 228.762.7589
>
> jdupont@hscbpa.com | web: www.hscbpa.com
>
> *The information contained in this communication is confidential, is intended only for the use of the recipient named above, and may be legally privileged. If you have received this communication in error, please resend this communication to the sender and delete the original message and/or any copy of it from your computer system. Please note that any dissemination, distribution or copying of this communication, other than by the intended recipient is strictly prohibited.*



EXHIBIT
B

**Darryl Gibbs**

From:          Darryl Gibbs
Sent:          Tuesday, December 22, 2009 11:38 AM
To:            James Heidelberg
Subject:       Flores and tarranto

I need depo dates soon or I will be forced to file a motion to compel.
Please advise. Thanks.

Sent from my iPhone,
Darryl Gibbs
Tabor, Chhabra & Gibbs
(601) 914-1512
www.tcglegal.com

EXHIBIT
C

1

JAMES H. HEIDELBERG
KARL R. STEINBERGER
JAMES H. COLMER, JR.
STEPHEN W. BURROW [1]
DARYL A. DRYDEN
STACIE E. ZORN
TRISTAN RUSSELL ARMER [1]
JESSICA M. DUPONT
JASON M. PAYNE

# HEIDELBERG STEINBERGER
## COLMER & BURROW
### ATTORNEYS

OF COUNSEL
[2]HOWARD L. SMITH, M.D.
BENJAMIN WHITE

[1]ADMITTED IN ALABAMA
[2]ADMITTED IN TEXAS

December 28, 2009
*VIA EMAIL and US MAIL*

Darryl M. Gibbs, Esq.
Tabor, Chhabra & Gibbs, P.A.
120 N. Congress Street, Suite 200
Jackson, MS   39201
*dgibbs@tcglegal.com*

    RE:   *Greg Flores et al v. State Farm*
               *Sherry Taranto et al v. State Farm*

Dear Darryl:

    I have received your requests for depositions in the above matters. We will make available to you Ms. Rachel Savoy in the *Taranto* matter, as well as a 30(b)(6) designee for each case. Because it is easier for Ms. Savoy to arrange her schedule around proposed dates, please provide me with available dates for deposing Ms. Savoy in *Taranto* which I will forward to her, and hopefully we can arrive at a mutually convenient date for which to set her deposition.

    As to the other depositions you requested, I object to deposing Michelle Durham and Jim Paul in *Flores*. These individuals were not involved in the initial claims handling of this matter. Their involvement was solely during the re-evaluation process.

    State Farm agreed to participate in a re-evaluation of claims with the Mississippi Insurance Department. The 2007 State Farm re-evaluation letter states "this settlement offer represents a compromise and is not an admission by State Farm that your claim was not correctly evaluated during its first review or of any wrongdoing on State Farm's part or a concession by State Farm as to any interpretation of the relevant insurance policy". Therefore, it is our position that this process is not admissible under Rule 408 of the Federal Rules of Civil Procedure and their depositions are not relevant to the Flores' claim.

    I also object to your proposed Exhibit A for 30(b)(6) depositions in both cases. These requests are over broad and it is impossible to locate one person that can discuss all of these items. Once you have tailored your deposition request to items of discussion as it relates to the individual claims, I will be able to more accurately designate a representative.

                  Sincerely yours,

                  James H. Heidelberg

EXHIBIT
D

**Darryl Gibbs**

| | |
|---|---|
| **From:** | Darryl Gibbs |
| **Sent:** | Thursday, January 14, 2010 7:56 PM |
| **To:** | James Heidelberg (JHEIDELBERG@HSCBPA.COM) |
| **Cc:** | 'John Denenea' |
| **Subject:** | Flores and Tarranto |

James,

Please confirm that you will not make any adjusters available for deposition on either the Flores or Tarranto claims.

Please also confirm that you will not make any representatives available for 30(b)(6) depositions on either claims.

If Defendant continues to stonewall this relevant and needed discovery, then Plaintiff will seek judicial guidance.

Plaintiff will make Plaintiffs available for deposition immediately following the above previously requested depositions of Defendant.

Please advise.

**\*PLEASE NOTE NEW EMAIL, PHONE AND CONTACT INFORMATION BELOW\***

**SINCERELY,**

**DARRYL M. GIBBS**
**CHHABRA & GIBBS, P.A.**
**120 N. CONGRESS ST. SUITE 200**
**JACKSON, MS 39201**
**PHONE 601-948-8005**
**FAX     601-948-8010**
DGIBBS@CGLAWMS.COM

CONFIDENTIALITY NOTICE:

This message is being sent by or on behalf of a lawyer. This message is covered by the *Electronic Communication Privacy Act, 18 U.S.C. Sections 2510-2515*, it is intended for the sole use of the intended recipient and may contain information, which is privileged, confidential, or otherwise legally exempt from disclosure. If you received this message in error, please notify the sender immediately by replying to this e-mail, by telephone at (601) 948-8005 and delete all copies of the message from your computer.

 Please consider the environment before printing this e-mail.



EXHIBIT
E

JAMES H. HEIDELBERG
KARL R. STEINBERGER
JAMES H. COLMER, JR.
STEPHEN W. BURROW [1]
DARYL A. DRYDEN
STACIE E. ZORN
TRISTAN RUSSELL ARMER [1]
JESSICA M. DUPONT
JASON M. PAYNE

# HEIDELBERG STEINBERGER
## COLMER & BURROW
### ATTORNEYS

OF COUNSEL
[2]HOWARD L. SMITH, M.D.
BENJAMIN WHITE

[1]ADMITTED IN ALABAMA
[2]ADMITTED IN TEXAS

January 18, 2010

Darryl M. Gibbs, Esq.
Tabor, Chhabra & Gibbs, P.A.
120 N. Congress Street, Suite 200
Jackson, MS  39201

RE:    *Greg Flores et al v. State Farm*

Dear Mr. Gibbs:

I received your email of Thursday, January 14. I will not "confirm that you will not make any adjusters available" since I have advised you that I will make adjusters available. Enclosed you will find an additional copy of my letter of December 28, 2009 advising you that we would make available Ms. Rachel Savoy, the claims adjuster in the *Taranto* matter, as well as a 30(b)(6) representative.

I asked you at that time to provide us with available dates for deposing Ms. Savoy so we could reach a mutually available date.

What I clarified was that the individuals, Michelle Durham and Jim Paul, were not State Farm employees that were involved in the original claim, but were involved solely in the Mississippi Department of Insurance initiated re-evaluation process that was an agreement between the State of Mississippi and State Farm, and therefore we object to them being deposed.

Once again, please advise us of dates you would like us to depose Ms. Savoy and we will arrange for a mutually agreeable time. Also, we would object to your overbroad 30(b)(6) deposition, but once again advise you that we will provide a representative or representatives as they relate to these claims.

Sincerely yours,

James H. Heidelberg

JHH/dll

EXHIBIT
F

**Darryl Gibbs**

| | |
|---|---|
| **From:** | Darryl Gibbs |
| **Sent:** | Friday, January 22, 2010 9:51 AM |
| **To:** | 'James Heidelberg' |
| **Cc:** | Jessica Dupont; Nicole Tillman; 'John Denenea' |
| **Subject:** | RE: Attached Image from HSCB Attorneys |

We will depose Ms. Savoy whenever she is made available.  Just give us a few dates in the next two weeks.

I will go ahead and file a motion to compel on the 30(b)(6) depositions and also the other two witnesses.

The Court will find you can make them available for deposition.

The 30(b)(6) notices are likewise not overly broad.  If so, point out where you want them refined.

**\*PLEASE NOTE NEW EMAIL, PHONE AND CONTACT INFORMATION BELOW\***

SINCERELY,

DARRYL M. GIBBS
CHHABRA & GIBBS, P.A.
120 N. CONGRESS ST. SUITE 200
JACKSON, MS 39201
PHONE 601-948-8005
FAX    601-948-8010
DGIBBS@CGLAWMS.COM

CONFIDENTIALITY NOTICE:

This message is being sent by or on behalf of a lawyer.  This message is covered by the *Electronic Communication Privacy Act, 18 U.S.C. Sections 2510-2515*, it is intended for the sole use of the intended recipient and may contain information, which is privileged, confidential, or otherwise legally exempt from disclosure.  If you received this message in error, please notify the sender immediately by replying to this e-mail, by telephone at (601) 948-8005 and delete all copies of the message from your computer.

 Please consider the environment before printing this e-mail.

---

**From:** James Heidelberg [mailto:JHeidelberg@hscbpa.com]
**Sent:** Monday, January 18, 2010 9:38 AM
**To:** Darryl Gibbs
**Cc:** Jessica Dupont; Nicole Tillman
**Subject:** FW: Attached Image from HSCB Attorneys

Darryl –please see these 2 letters, I don't have John's e-mail address.

*James H. Heidelberg,* Attorney
HEIDELBERG, STEINBERGER
 COLMER & BURROW, P.A.
711 Delmas Avenue


EXHIBIT
G

Post Office Box 1407
Pascagoula, MS  39568-1407
T. 228.762.8021 | F. 228.762.7589

*jheidelberg@hscbpa.com* | web: *www.hscbpa.com*

*The information contained in this communication is confidential, is intended only for the use of the recipient named above, and may be legally privileged. If you have received this communication in error, please resend this communication to the sender and delete the original message and/or any copy of it from your computer system. Please note that any dissemination, distribution or copying of this communication, other than by the intended recipient is strictly prohibited.*

**From:** HSCB 7095 Copier [mailto:copier@hscbpa.com]
**Sent:** Monday, January 18, 2010 9:35 AM
**To:** James Heidelberg
**Subject:** Attached Image from HSCB Attorneys

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

GREG FLORES, BRIAN FLORES, SUSAN F. HAMILTON,
DONALD FLORES, JR. and MARK FLORES                              PLAINTIFFS

VERSUS                                        CIVIL ACTION NO. 1:08cv471LTS-RHW

STATE FARM FIRE AND CASUALTY INSURANCE                          DEFENDANT

TO:   **STATE FARM FIRE AND CASUALTY**
      **INSURANCE COMPANY, through its**
      **Attorney of record:**
      **Jessica M. Dupont**
      **Heidelberg Steinberger**
      **Colmer & Burrow, PA**
      **711 Delmas Avenue**
      **Post Office Box 1407**
      **Pascagoula, MS 39568-1407**

## NOTICE OF VIDEOTAPE DEPOSITION TAKEN PURSUANT TO RULE 30(b)(6)

Please take notice that plaintiffs herein, Greg Flores, Brian Flores, Susan F. Hamilton,

Donald Flores, Jr. and Mark Flores, through undersigned counsel, will commence the Federal Rule

of Civil Procedure Rule 30(b)(6) oral deposition of State Farm Fire and Casualty Insurance

Company, through _____, on _____, to be held at the offices of

_____, before a notary public, or some officer duly authorized to

administer oaths.

The deposition will be taken pursuant to the Federal Rules of Civil Procedure and for

discovery purposes. Such deposition will continue until completed, and all counsel involved are

invited to participate as they see fit.

1

Respectfully submitted by,

**TABOR, CHHABRA & GIBBS, P.A.**

By: _____

**DARRYL M. GIBBS (MSB#100232)**
120 North Congress Street, Suite #200
Jackson, Mississippi 39201
Telephone: (601) 914-1512
Facsimile: (601) 914-1511
dgibbs@tcglegal.com
*Attorneys for Plaintiffs Greg Flores, Brian Flores,*
*Susan F. Hamilton, Donald Flores, Jr. and Mark Flores*

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of September, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those participants in the CM/ECF filing system.

I further certify that there are no non-CMECF participants in this matter.

_____
Error! Reference source not found.

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

GREG FLORES, BRIAN FLORES, SUSAN F. HAMILTON,
DONALD FLORES, JR. and MARK FLORES                    PLAINTIFFS

VERSUS                              CIVIL ACTION NO. 1:08cv471LTS-RHW

STATE FARM FIRE AND CASUALTY INSURANCE                DEFENDANT

## STATE FARM RULE 30(b)(6) DEPOSITION
## EXHIBIT A

**Topic 1:**     Creation of claims files pertaining to Hurricane Katrina claims under State Farm's standard homeowner's policies and flood policies in Mississippi.

**Request 1:**   State Farm's written policies and procedure regarding the creation and contents of claim files pertaining to Hurricane Katrina claims under State Farm's standard homeowner's policies and flood policies in Mississippi.

**Topic 2:**     State Farm's policy, practice and procedure of employing engineers and/or experts in claims under homeowner's policies in Mississippi following Hurricane Katrina.

**Request 2:**   State Farm's written policy, practice and procedure of employing engineers and/or experts in claims under homeowner's policies in Mississippi following Hurricane Katrina.

**Topic 3:**     State Farm's policy, practice and produce for initiating and using adjuster summaries, engineering reports and any other investigative reports as well as the drafts and notes of such to assist in adjusting homeowner insurance policy Hurricane Katrina claims in Mississippi including the determination of causation of the property loss.

**Request 3:**   Any and all documents and/or electronic communications describing, explaining, implementing and/or altering State Farm's written policy, practice and procedure for initiating and using adjuster summaries, engineering reports and any other investigative reports as well as the drafts and notes of such to assist in adjusting homeowner insurance policy Hurricane Katrina claims in Mississippi.

**Topic 4:**      State Farm's preparation and use of documents entitled "Claims Issues No. _____" with respect to adjusting homeowner's policy claims after Hurricane Katrina.

**Request 4:**    Any and all documents and electronic communications describing, explaining, implementing and/or altering documents entitled "Claims Issues No. _____" pertaining to adjustment of homeowner policy claims after Hurricane Katrina.

**Topic 5:**      The relationship between State Farm and Pilot Catastrophe Services in the handling homeowner's claims and flood claims as a result of Hurricane Katrina, the contractual relationship, the financial relationship, and the practical relationship.

**Request 5:**    All documents relative to the arrangement between State Farm and Pilot Catastrophe Services in the handling of claims including invoices, total billing, assignment agreements, employment of adjusters and experts.

**Topic 6:**      State Farm's preparation and use of the operational guidelines in effect as of August 29, 2005 in adjusting Hurricane Katrina homeowner's claims and/or Catastrophe claims in Mississippi or the Coastal properties along the northern Gulf of Mexico.

**Request 6:**    A complete copy of State Farm's operational guidelines in effect as of August 29, 2005 in adjusting Hurricane Katrina homeowner's claims and/or Catastrophe claims in Mississippi or the Coastal properties along the northern Gulf of Mexico.

**Topic 7:**      State Farm's use of a wind and water protocol in adjusting homeowner policy claims following Hurricane Katrina in Mississippi.

**Request 7:**    A complete copy of State Farm's wind and water protocol utilized in adjusting homeowner policy claims following Hurricane Katrina in Mississippi.

**Topic 8:**      State Farm's policy and procedure for the segregation of the wind damage from flood damage under homeowner policies in Mississippi following Hurricane Katrina.

**Request 8:**    Any and all documents and electronic communications describing, explaining, implementing and/or altering documents describing State Farm's policy and procedure for the segregation of the wind damage from flood

damage under homeowner policies in Mississippi following Hurricane Katrina.

**Topic 9:**      State Farm's policy regarding claim adjuster authority to pay or decline a claim and management's review process of adjuster decisions under homeowner policies in Mississippi following Hurricane Katrina.

**Request 9:**   Any and all documents and electronic communications describing, explaining, implementing and/or altering documents describing State Farm's policy regarding claim adjuster authority to pay or decline a claim and management's review process of adjuster decisions under homeowners policies in Mississippi following Hurricane Katrina.

**Topic 10:**    State Farm's policies and procedures on how to evaluate conflicting expert reports and the use of same in adjusting claims under homeowner policies in Mississippi following Hurricane Katrina.

**Request 10:**  State Farm's written policy and procedures on how to evaluate conflicting expert reports and use of same in adjusting claims under homeowner policies in Mississippi following Hurricane Katrina.

**Topic 11:**    State Farm's policy, procedures and actual practice of contribution to, and participation in, the preparation of the forms and/or substance of expert reports in homeowner policy claims in Mississippi following Hurricane Katrina.

**Request 11:**  Any and all documents and electronic communications describing, explaining, implementing and/or altering State Farm's written policies, procedures and actual practice of contribution to, and participation in, the preparation in the form and/or substance of expert reports in homeowners policy claims in Mississippi following Hurricane Katrina.

**Topic 12:**    State Farm's catastrophe team structure and its deployment to Mississippi and the Gulf Coast following Hurricane Katrina including but not limited to the "Special Handling Unit" or "SHU".

**Request 12:**  The organization chart or any and all documents describing State Farm's catastrophe team structure and its deployment to Mississippi and the Gulf Coast following Hurricane Katrina.

**Topic 13:**    The claims handling of the Flores claim file, and all communications therein, which were part of the adjustment the Flores claim.

**Request 13:** Contents including emails or other electronic communications of the Flores file, and all steps taken to adjust the dwelling, dwelling extension and personal property claims.

**Additional Areas of Inquiry:**

All matters related to the interrogatories propounded by Plaintiff.

All matters relating to the requests for production of documents propounded by Plaintiff.

All evidence that supports any basis for any denials asserted by the Defendant in their Answer.

Any witnesses and/or any witness statements regarding the claims and damages alleged by Plaintiff described in the Complaint.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN STATE OF MISSISSIPPI
SOUTHERN DIVISION

GREG FLORES, BRIAN FLORES, SUSAN F. HAMILTON,
DONALD FLORES, JR. and MARK FLORES                    **PLAINTIFFS**

**VERSUS**                    CIVIL ACTION NO. 1:08cv471LTS-RHW

STATE FARM FIRE AND CASUALTY INSURANCE                    **DEFENDANT**

### GOOD FAITH CERTIFICATE

All counsel certify that they have conferred in good faith to resolve the issues in question

without court action; however, it is now necessary to file the following Motion:

**Plaintiffs' Motion to Compel the Defendant's, State Farm and Casualty**

**Insurance, 30(b)(6) Deposition.**

Counsel further certifies the following:

Indicate as appropriate:

_____        1. The Motion is unopposed by all parties.

_____        2. The Motion is unopposed by:

\_\_X\_\_        3. The Motion is opposed by Defendant.

_____        4.   The parties agree that replies and rebuttals to the Motion shall be

submitted to the magistrate judge in accordance with the time limitations

stated in Uniform Local Rule 7.2



EXHIBIT
H

1

THIS the 25th day of February, 2010.

Respectfully submitted by:

/s/ Darryl M. Gibbs
**DARRYL M. GIBBS (MSB#100232)**
**CHHABRA & GIBBS, P.A.**
120 North Congress Street, Suite #200
Jackson, Mississippi 39201
Telephone: (601) 948-8005
Facsimile: (601) 948-8010
dgibbs@cglawms.com
*Attorney for Plaintiffs Greg Flores, et al.*

/s/ John H. Denenea, Jr.
**JOHN H. DENENEA, JR. (#18861)**
**SHEARMAN-DENENEA, L.L.C.**
4240 Canal Street, 2nd Floor
New Orleans, LA 70119
Telephone: (504) 304-4582
Telecopier: (504) 304-4587
*Attorney for Greg Flores, et al.*
*Pro Hac Vice*

/s/ James H. Heidelberg
**JAMES H. HEIDELBERG (MSB#2212)**
**JESSICA M. DUPONT (MSB#10262)**
**HEIDELBERG, STEINBERGER**
**COLMER & BURROW, PA**
711 Delmas Avenue
Post Office Box 1407
Pascagoula, Mississippi 39568-1407
Telephone:    (228) 762-8021
Facsimile:    (228) 762-7589
*Attorneys for Defendant*

2