IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GREG FLORES, BRIAN FLORES,                                    PLAINTIFFS
SUSAN F. HAMILTON DONALD
FLORES, JR. and MARK FLORES

VERSUS                              CASE NO.: 1:08-CV-471-LTS-RHW

STATE FARM FIRE AND CASUALTY INSURANCE CO.        DEFENDANT


RESPONSE BRIEF IN OPPOSITION TO STATE FARM'S
MOTION TO EXCLUDE PLAINTIFF'S EXPERT GIDDINGS EMERY

MAY IT PLEASE THE COURT:

This matter involves the total destruction of the Flores' summer home on the Jordan River near Bay St. Louis, Mississippi as a result of Hurricane Katrina. A hurricane is a force of both wind and water; a force that the parties agree completely destroyed the Flores' home. The dilemma facing every person that examines a total loss property is determining the cause of that loss. Each party in this case has retained adjusters and experts to address that issue, but none personally witnessed the destruction of the Flores' home.

EMERY IS A QUALIFIED EXPERT IN FORENSIC ENGINEERING
REGARDING THE OPINIONS HE HAS EXPRESSED IN THIS CASE

State Farm has filed a motion to exclude plaintiff's expert, Giddings Emery, a civil and structural engineer licensed in Mississippi since 1999, under a **FED.R.EVID. 702,** and **Daubert/Kuhmo**. State Farm does not attack Emery's qualifications as an engineer, his educational background, his engineering experience or training or his qualifications as a witness. Mr. Emery has a bachelor's degree in Civil Engineering from

Vanderbilt University, and is licensed as such since 1990, with extensive experience in the construction industry since 1978. [Report and CV attached as Exhibit A].

As a forensic engineer he is qualified to discuss and opine on the causal nature of the loss of the Flores home using the evidence and information on the Flores property, while considering the various accepted weather conditions of Hurricane Katrina. A process duplicated by hundreds of engineers and adjusters in similar causation disputes. Incorporated into his opinion is essentially the same weather data that has been relied upon by most forensic engineers and damage experts in Katrina Litigation. His supporting data was not created by him, but is and can be used by him as an expert under **FED.R.EVID. 702**. Questions relating to the bases and sources relied upon by an expert in forming his opinion rather than its admissibility and should be left for the jury's consideration. *United States v. 14.38 Acres of Land, More or Less, Situated in Leflore County, Mississippi*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987); see also *Transcontinental Gas Pipeline Corp. v. Societe d'Exploration Section du Solitaire, S.A.*, 2007 WL 2712936 (E.D. La. 9/13/07).

EMERY'S REPORTS AND TESTIMONY ARE ADMISSIBLE AND RELEVANT

State Farm wants to preclude Mr. Emery from testifying based on a suggestion that his lack of a meteorological expertise disqualifies him from performing a forensic engineering analysis of the property. This suggestion should be rejected as the vast majority of engineers, if not all of the engineers in Katrina litigation, are not meteorologists. Each expert, as with any testifying expert in any field, is permitted to use

and base their opinions on accepted data from reliable sources. This was done by Emery in the cases he has handled, as State Farm's experts in this case and others did.

State Farm seems critical of Emery's dismissal of the term "scientific method" in his analysis, while Emery merely considers a forensic engineering protocol in conducting his causation analysis. The engineering investigation and causal determination is to gather the relevant information, conduct an inspection of the property and surrounding areas, and render an opinion. Indeed Emery is not a stranger to causation analysis. He has provided opinions and causation analysis on ships colliding with structures, as well as barges colliding with docks. [Exhibit B; Emery depo., pp. 5, 13]. Merely because Emery did not create a fictional power point reenactment of Hurricane Katrina in rendering an opinion, he does not exclude his expert determination of causation on a damaged property.

Unlike an ordinary witness, see **FED.R.EVID. 701**, an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation. See **FED.R.EVID. 702 and 703**. In this case Emery possesses firsthand knowledge of the property destroyed and observation of the property itself. His hurricane damage analysis includes inspections and determinations of over 40 properties involving Katrina damage on wind-water disputes, many in the same area as the Flores property. [Exhibit B; Emery depo., pp. 9-10].

Once again, State Farm misapprehends the difference between admissibility of evidence and weight. State Farm is free to attack Emery's extrapolation of the data at trial. He is not, as State Farm asserts, lacking analysis of the property. His report, consistent with his testimony of his procedure of analysis, considers all of the relevant

material and weather data in the surrounding area. State Farm even goes so far as to imply that inferences from the prevalence of a weather event cannot be made unless the expert testifying has affirmative proof that the event unequivocally occurred on the claimant's property. Such a position finds no support in the law. Whether or not Emery, or even the experts for State Farm, satisfies the standard of proof on a particular issue it will be up to the fact finder at trial to make that complete determination. In this case State Farm can utilize its strategic approach presented in this Motion more properly in a full trial on the merits. See this district's same conclusion in **Stevens v. State Farm Fire & Casualty Co.**, **2007 WL 4570611 (S.D. Miss. 7/5/07)**.

Experts are not required to establish scientific or any particular level of certainty for their opinions to be admissible under **Daubert v. Merrrell Dow Pharmaceuticals, Inc.**, **509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993)**. It is only necessary for the opinion be sufficiently reliable to have a tendency to make the existence of any fact of consequence more probable or less probable than it would be without the expert opinion. See **Tug Danielle M. Bouchard v. Onyx Energy Co.**, **2001 WL 709301 (E.D. La. 6/25/01).** Emery has explained that his conclusions of destruction by wind prior to any flood event are the most likely scenario given the weather data, and location of the Flores' property. Without any eyewitness account of the Flores' property destruction, only the most arrogant of examiners could claim a 100% certainty of exclusively a flood loss to this property. Thus, Emery's opinions are admissible under **FED.R.EVID. 702**.

In this case Emery utilized a personal inspection of the property with observations of adjacent property damage to come to his conclusions on the damage sustained at the Flores' property. [Exhibit A, and Exhibit B; Emery depo., pp. 28-30]. Emery merely

utilized proper engineering methodology in considering all of the damages and evidence within and around the Flores property. If the mover believes that the evidence obtained and the damage analyses are somehow questionable, they can explore that approach in cross-examination at trial.

*Daubert* does not require every expert to back his or her opinion with published studies that unequivocally support his or her conclusions. See ***Bonner v. ISP Tech, Inc.*, 259 F.3d 924, 929 (8th Cir. 2001)** (observing that "there is no requirement 'that a medical expert must always cite published studies on general causation in order to reliably conclude that a particular object caused a particular illness'" quoting ***Heller v. Shaw Indus. Inc.*, 167 F.3d 146, 155 (3rd Cir. 1999)**. Requiring an expert to find published and peer reviewed data and mathematical models that use the same data the expert has observed to generate the same type of opinion the expert has "would effectively resurrect a Frye-like bright-line standard, not by requiring that a methodology be generally accepted but by excluding expert testimony not backed by published (and presumably peer-reviewed) studies." ***Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 155 (3rd Cir. 1999).** In situations such as determining causation or timing of damage to coastal lands, the 5th Circuit has held that courts cannot rationally expect an expert to find published peer reviewed research based on the same information the expert observed in the field. It is entirely appropriate to base opinions as to the causes of coastal damage on years of experience. ***St. Martin v. Mobil Exploration & Producing U.S. Inc.*, 224 F.3d 402, 405-06 (5th Cir. 2000).** The type of criticism and limitation suggested by State Farm on a forensic engineer reviewing damage to property is simply not a rational approach under *Daubert*.

CONCLUSION

The role of this Court as expressed in *Daubert* is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." ***Kumho Tire v. Carmichael*, 526 U.S. 137, 152 (1999).** Emery's methodology and his report and opinions pass the ***Daubert/Kumho*** test. The points raised by State Farm may provide material for vigorous cross-examination and reason for State Farm's experts to disagree with him, but they do not indicate the kind of unreliability that justifies exclusion of his testimony. Emery has extensive experience and qualifications in engineering associated with hurricanes and other structural damage. He also has training, experience, and knowledge gained in a variety of ways in a variety of industries, which qualify him to analyze damage to vessels, structures and personal property, and under *Kuhmo*, he can testify to those opinions as an expert under **FED.R.EVID. 702**.

Emery is qualified under **FED.R.EVID. 702** to express the opinion he has expressed, subject to cross-examination by State Farm. ***Daubert*, 509 U.S. at 596** ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). State Farm's criticism of the bases and sources of his opinion may be fertile for cross examination, but ultimately, they go to the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration. ***United States v. 14.38 Acres of Land, More or Less, Situated in Leflore County,***

*Mississippi*, 80 F.3d 1074, 1077 (5th Cir. 1996), (quoting Viterbo v. Dow Chemical Co., 826 F.2d 420, 422 (5th Cir. 1987); see also *Transcontinental Gas Pipeline Corp. v. Societe d'Exploration Section du Solitaire, S.A.*, 2007 WL 2712936 (E.D. La. 9/13/07).

Because State Farm's argument is correctly suited for the trial of this matter, the motion should be denied.

Respectfully Submitted,

GREG FLORES, BRIAN FORES, SUSAN F. HAMILTON, DONALD FLORES, JR. and MARK FLORES, Plaintiffs

By:  /s/ John H. Denenea, Jr.
_____
JOHN H. DENENEA, JR. (#18861)
*Pro Hac Vice*

ATTORNEYS FOR PLAINTIFF:

Darryl M. Gibbs MSB (#100232)
Chhabra & Gibbs, P.A.
120 North Congress Street, Suite 200
Jackson, Mississippi 39201
Telephone: (601) 914-1512
Facsimile: (601) 914-1511
dgibbs@cglawms.com

John H. Denenea, Jr. (#18861)
SHEARMAN - DENENEA, L.L.C.
*Pro Hac Vice*
4240 Canal Street
New Orleans, LA  70119
jdenenea@midcitylaw.com
Telephone:  (504) 304-4582
Telecopier: (504) 304-4587

**CERTIFICATE OF SERVICE**

I, John H. Denenea, Jr., do hereby certify that I have this day electronically filed the foregoing *Response Brief in Opposition to State Farm's Motion to Exclude Plaintiff's Expert Giddings Emery* with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

James H. Heidelberg, Esq.
Jessica M Dupont, Esq.
Heidelberg, Steinberger,
Colmer & Burrow, P.A.
Post Office Box 1407
Pascagoula, Mississippi  39568-1407
ATTORNEY FOR DEFENDANT, STATE FARM FIRE AND CASUALTY

THIS the 10th day of May, 2010.

/s/ John H. Denenea, Jr.
John H. Denenea, Jr.