**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**GREG FLORES, BRIAN FLORES, SUSAN F. HAMILTON          PLAINTIFFS
DONALD FLORES, JR. and MARK FLORES**

**VERSUS                                          CASE NO.: 1:08-CV-471-LTS-RHW**

**STATE FARM FIRE CASUALTY AND INSURANCE CO.          DEFENDANT**

**RESPONSE BRIEF IN OPPOSITION TO STATE FARM'S
MOTION TO EXCLUDE PLAINTIFF'S CONTRACTOR EXPERT**

MAY IT PLEASE THE COURT:

This matter involves the total destruction of the Flores family summer home on the Jordan River near Bay St. Louis, Mississippi as a result of Hurricane Katrina.   The home remains as a slab with only the pilings remaining.  The Flores' have not yet rebuilt the property but have obtained a contractor's estimate to determine the minimum estimate to rebuild the home.   Harold Puderer, a contractor in Biloxi, Mississippi rendered a contractor's estimate of $208,000.00 to rebuild the property. [Report and Resume attached as Exhibit A].  State Farm has challenged that report as unreliable, as using 2009 prices, sketchy and vague, and challenges his methodology.

First, in this case, the calculations of plaintiff's contractor may be merely advisory.  In the deposition testimony of State Farm's adjuster, she explained that had this been a wind loss the entire policy limits would have been tendered.  Should there be a judgment in favor of plaintiff, and with no flood coverage on this property, the result would be a complete policy limits recovery based on the admission of State Farm's own adjuster on this property.   [Exhibit B; Keyt depo, pp. 83-84].   Nevertheless, the specialized knowledge of contracting and a contractor's rebuild estimate will still assist

1

the trier of fact to understand the evidence or determine facts at issue in this case. **FED.R.EVID. 702.**

Next, From a purely legal standpoint State Farm is aware that their argument is mistaken as this district has addressed this exact issue in the case of ***Lebon v. State Farm Fire and Casualty Co.***, **2010 WL 1064705 (S.D. Miss. 3/8/10).** In **Lebon**, the court explained the method of determining the calculation of costs of rebuilding stating, "Plaintiffs are limited to the actual cash value of their loss (replacement costs less depreciation, as defined by their own expert), taking into account other insurance benefits received and the limits of their homeowners policy." As this established position by this district is clear, the 2009 price challenge by State Farm should be denied.

The estimate report by plaintiff's contractor satisfies the standard of **FED.R.EVID. 702** as he possesses contractor's knowledge of minimum rebuild costs in the Gulf Coast area including this property are a straightforward contractors submission. In the case of ***Weiss v. Allstate Insurance Co.***, **512 F.Supp.2d 463 (E.D.La. 2007)**, the same issue was raised in an attempt to exclude a contractor's rebuilding estimate. The court explained that the explanation and opinion of the contractor was "not rocket science," and permitted his testimony subject to the defendant's ability to cross-examine the witness on methodology and any omissions. This is the same situation presented here. Puderer is not creating nuclear fission, but merely assisting the trier of fact on a minimum basis of the cost for the rebuild of the Flores' home. Questions relating to the bases and sources relied upon by an expert in forming this opinion rather than its admissibility should be left for the jury's consideration. ***United States v. 14.38 Acres of Land, More or Less, Situated in Leflore County, Mississippi***, **80 F.3d 1074, 1077 (5th**

2

Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987); see also *Transcontinental Gas Pipeline Corp. v. Societe d'Exploration Section du Solitaire, S.A.*, 2007 WL 2712936 (E.D.La. 9/13/07).

The reasoning in an Eastern District of Louisiana case involving a contractor's estimate is on point with the issue raised here where the court explained, "Defendant has failed to show that the expert's opinions are so fundamentally unsupported that they can offer no assistance to the fact-finder. Defendant's argument regarding data inaccuracies goes more to the weight of the evidence, rather than its admissibility.  The Defendant's concerns about the factual basis of Rake's [the contractor] reports and opinions are best resolved by vigorous cross examination and the presentation of contrary evidence." *Shadow Lake Mgmt. Co. v. Landmark Am. Ins. Co.*, 2008 WL 2510121 (E.D.La. 6/17/08)*, citing, *Daubert*, 509 U.S. at 596.

CONCLUSION

The role of the Court under *Daubert* is " to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichel*, 526 U.S. 137, 152 (1999).  To prohibit a contractor like Puderer from testifying based on State Farm's arguments would be a groundbreaking use of the *Daubert/Kumho* principles.

Puderer's methodology and his report and opinions pass the *Daubert/Kumho* test. What this contractor has done, as the vast majority of contractors do, is to provide a minimum amount for a rebuild of a property. Puderer is merely providing the plaintiff, and the trier of fact with a basis for a rebuilding cost of this property; he is not

3

performing some revolutionary theory.  Unlike the adjusters and experts using computer software estimates, a licensed contractor in Mississippi will explain the real costs of a rebuild in this region, where the insurer's adjuster can only assume the estimates to be accurate from their secret unverified database. The points raised by State Farm, may provide material for vigorous cross examination and reason for State Farm's experts to disagree with him, but they do not indicate the kind of unreliability that justifies exclusion of his testimony, and therefore he can testify to those opinions under **FED.R.EVID. 702**.

State Farm will be given an opportunity to zealously contest the valuations of plaintiff's contractor, and try to convince the jury that his estimate should be discounted. Plaintiffs will have the same opportunity with any State Farm's expert.  Since State Farm has chosen not to depose Mr. Puderer even though they had adequate time to do so, plaintiffs respectfully suggest that to exclude a contractor under State Farm's theories presented would unfairly harm the plaintiffs and not be in the interests of justice. Accordingly State Farm's motion should be denied.

Respectfully Submitted,

GREG FLORES, BRIAN FORES, SUSAN F. HAMILTON, DONALD FLORES, JR. and MARK FLORES, Plaintiffs

By:  /s/ John H. Denenea, Jr.

_____

JOHN H. DENENEA, JR. (#18861)
*Pro Hac Vice*

ATTORNEYS FOR PLAINTIFF:

John H. Denenea, Jr. (#18861)
SHEARMAN - DENENEA, L.L.C.
*Pro Hac Vice*
4240 Canal Street
New Orleans, LA  70119
Telephone:  (504) 304-4582
Telecopier: (504) 304-4587

Darryl M. Gibbs MSB (#100232)
Chhabra & Gibbs, P.A.
120 North Congress Street, Suite 200
Jackson, Mississippi 39201
Telephone: (601) 914-1512
Facsimile: (601) 914-1511
dgibbs@cglawms.com

## CERTIFICATE OF SERVICE

I, John H. Denenea, Jr., do hereby certify that I have this day electronically filed the foregoing *Response Brief in Opposition to State Farm's Motion to Exclude Plaintiff's Contractor Expert* with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

> James H. Heidelberg, Esq.
> Jessica M Dupont, Esq.
> Heidelberg, Steinberger,
> Colmer & Burrow, P.A.
> Post Office Box 1407
> Pascagoula, Mississippi  39568-1407
> ATTORNEY FOR DEFENDANT, STATE FARM FIRE AND CASUALTY

THIS the 10th day of May, 2010.

By:  /s/ John H. Denenea, Jr.

_____
JOHN H. DENENEA, JR. (#18861)
*Pro Hac Vice*

5