UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


GREG FLORES, BRIAN FLORES, SUSAN F. HAMILTON,          PLAINTIFFS
DONALD FLORES, JR., AND MARK FLORES

V.                                            CIVIL ACTION NO. 1:08cv471-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY
                                                                    DEFENDANT

## ORDER

      This order addresses Defendant's [66] Motion for Partial Summary Judgment, which is aimed at the issues of punitive and extra-contractual damages. After a thorough review of the record, and under the standards of Fed. R. Civ. P. 56, it can not be said at this stage of the proceedings that there are no genuine issues of material fact and that Defendant is entitled to partial judgment as a matter of law.

      Plaintiffs jointly own property on the Jordan River in Bay St. Louis, Mississippi where, prior to August 29, 2005, their vacation home was located. The home, a single-story wood frame structure on elevated wooden piers approximately thirteen (13) feet above sea level and less than one hundred (100) feet from the river, was completely destroyed as a result of Hurricane Katrina on August 29, 2005. Defendant describes this cause of action as an ordinary pocketbook dispute over the amount of the covered loss sustained by Plaintiffs. Plaintiffs attack the manner in which the claims under their insurance policy, particularly for dwelling and contents, were handled by Defendant. Plaintiffs claim, *inter alia*, that Defendant failed to conduct a prompt and thorough investigation of damages to their vacation home, and that Defendant delayed payment of covered losses.

      Plaintiffs did not have flood insurance. The initial denial of the claim was based on the flood exclusion in Plaintiffs' insurance policy. During the course of litigation, and more than four years after the storm, Defendant retained an expert to examine additional evidence supplied by Plaintiffs. Following this assessment, Defendant unconditionally tendered Plaintiffs a check in the amount of $27,433.27 (consisting of the principal sum of $26,850.65, and interest of $582.62 calculated at the rate of 8% per year from December 14, 2009, to March 22, 2010). Based on attachments to the correspondence explaining the unconditional tender, it appears that payment was for structural damage only.

      According to Defendant's [67] brief and exhibits in support of the [66] motion for partial summary judgment, a reevaluation of Plaintiffs' claim occurred as part of an agreement between Defendant and the Mississippi Department of Insurance. This reevaluation, conducted prior to the institution of the present litigation, led Defendant to make Plaintiffs a resolution offer of

$49,927.01 to settle the claim, which was later increased/updated to $65,907.01 to take into account the loss of contents.  Obviously, these offers were not accepted.

There is sufficient evidence in the record to warrant further consideration of the alleged delay in the payment of benefits eventually made, as well as the overall handling of the Plaintiffs' claims.  For present purposes, genuine issues of material fact exist with respect to a legitimate or arguable basis for Defendant's conduct, the adequacy of the investigation, and whether Defendant's actions amount to gross negligence in disregard of Plaintiffs' rights as insureds.  Although Defendant made offers prior to litigation, presumably with some basis for them, actual tender of payment for damages (in a lesser amount) occurred after Plaintiffs retained a lawyer–and the tender was made after litigation had been instituted and Defendant had retained experts.  *See generally Broussard v. State Farm Fire and Casualty Co.*, 523 F.3d 618 (5th Cir. 2008).  It is critical to keep in mind that "[a]n insurance carrier's duty to promptly pay a legitimate claim does not end because a lawsuit has been filed against it for nonpayment of it.  Put more bluntly, if you owe a debt the duty to pay does not end when you are sued for nonpayment of it."  *Gregory v. Continental Insurance Co.*, 575 So. 2d 534, 541 (Miss. 1991).

Defendant points to its tender in March 2010, of $27,433.27, in support of its claim that this is just a legitimate pocketbook dispute, and cites cases in which claims were never denied but determined to be valid and valuation was at issue.  For example, in one of those cases, *Bryant v. Prime Insurance Syndicate, Inc.*, 2009 WL 982792 (S.D. Miss.2009), it was undisputed that there was no flood damage to the property and no issue of determining coverage.  In the present case, Defendant issued a denial on October 22, 2005, in reliance on the flood exclusion.

On the issue of damages, it should be pointed out that *Broussard, supra,* also relied upon by Defendant, suggests that consequential or extra-contractual damages may be appropriate even when punitive damages are not.  The Mississippi Supreme Court, in *United American Insurance Co. v. Merrill*, 978 So. 2d 613 (Miss. 2007), held that attorney's fees are justified where punitive damages are awarded.

For their part, Plaintiffs attempt to create a routine practice or habit by Defendant of using the insured's report and description of the loss to deny claims without going further.  In this case, that initial report by one of the insureds indicated that "home is wiped out completely 27 foot storm surge took it down [sic]."  Plaintiffs rely on other cases from within and outside this jurisdiction in which similar initial reports were given.

This Court holds that this case, like all others on the Hurricane Katrina litigation docket, will be decided on its own merits and particular facts.  The Court will not allow evidence whose probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  The testimony in these other cases offered by Plaintiffs falls into this category and will be excluded.  Fed. R. Evid. 403.

Under the entirety of the relevant circumstances and pursuant to Rule 56 it is not for the Court to weigh the evidence or evaluate the credibility of witnesses, but to consider the evidence submitted by the parties in support of and in opposition to the motion and grant all reasonable

inferences to the non-moving party, in this instance Plaintiffs. In other words, that evidence and those inferences drawn from it are viewed in the light most favorable to the non-moving party. Defendant's [66] motion for partial summary judgment on the issues of punitive and extra-contractual damages is not well taken, but the parties should understand that this does not mean, in the final analysis, that the jury will be given a punitive damages instruction or one that deals with extra-contractual damages.

    Accordingly, **IT IS ORDERED**:

Defendant's [66] Motion for Partial Summary Judgment is **DENIED**.

**SO ORDERED** this the 12th day of July, 2010.

                                                       s/ L. T. Senter, Jr.
                                                       L. T. SENTER, JR.
                                                       SENIOR JUDGE