**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**GREG FLORES, ET AL.**                                                      **PLAINTIFFS**

**V.**                                                  **CIVIL ACTION NO.1:08CV471 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**                              **DEFENDANT**

<u>**MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFFS' EXPERT WITNESS
GIDDINGS EMERY**</u>

The Court has before it State Farm Fire and Casualty Company's (State Farm) motion [68] to exclude the testimony of Giddings Emery (Emery) one of the expert witnesses designated by Plaintiff Greg Flores (Flores).  For the reasons set out below, this motion will be granted.

Flores has designated Emery as an expert witness in the field of engineering. Emery will be called as an expert to establish the cause of the destruction of the Flores residence during Hurricane Katrina.  Emery received his engineering degree from Vanderbilt University in 1982.  He has no formal training in meteorology or oceanography.  He practices as a civil engineer, and he has consulted on a number of engineering matters.  Emery has opined that the insured residence was destroyed by storm winds, a covered peril, and not, as State Farm contends, by storm surge flooding, an excluded peril.

The Flores property was situated at 4020 Greenland Street, Bay St. Louis, Mississippi.  State Farm insured the property under its policy number 24-CG-2004-8, providing coverage limits of $97,700 in dwelling coverage, $9,700 in dwelling extension coverage, and $73,275 in personal property coverage.  The insured property was completely destroyed during the storm.  The residence was elevated on pilings and was situated near the Jordan River.  It is undisputed that the site of the residence was flooded during the storm.  The central disputed issue of fact is whether the destruction of the home was caused by wind before the arrival of the flood waters.

The policy provides dwelling coverage for "accidental direct physical loss to the property" described in the declarations.  The policy provides personal property coverage for "accidental direct physical loss to the property" from specified perils including:

2.   **Windstorm or hail**.  *This peril does not include loss to property contained in a building caused by rain, snow, sleet, sand or dust. This limitation does not apply when the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.*

The policy excludes from all coverages water damage defined as:

c.   **Water Damage**, *meaning:*
      *(1) flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not;*

When Flores designated Emery as an expert [39] he identified Emery as a civil engineer and stated that his testimony would concern "the cause of the Plaintiffs property loss as well as the role of wind versus water in regards [sic] to same." Emery's report, attached to State Farm's motion [68] as Exhibit Two, is entitled "Building Damage Assessment."

Emery's report begins with a "Synopsis of Weather Conditions" and a "Typical Hurricane Overview."  These portions of the report contain few, if any, opinions or conclusions.  The third, fourth and fifth sections of the report, however, reflect the opinion Emery was designated to express, i.e. the opinion that the insured property was destroyed by hurricane winds and not by storm surge flooding:

### INVESTIGATIVE METHODOLOGY

*The purpose of this report is to reconstruct events at landfall in order to determine the extent of damage on available evidence including analysis of weather conditions, physical data collected at the site location, pictures from the owner and the investigator's knowledge, training, and experience.  When available, eyewitness accounts and anecdotal evidence are considered.  Aerial photographs, maps and other data referenced but not included in this report remain on file.  The phrase most likely scenario as used in this report refers to events believed to have occurred to a reasonable degree of certainty based on the professional opinion of the undersigned individuals.  The opinion presented is based on the contents of the project folder.*

*The Flores home was a single story wood frame structure atop a raised timber post foundation.  Based on available wind/flood data, type of building construction, analysis of satellite photography and anticipated*

*limit states caused by wind and using data acquired during the site
orientation, treefall [sic], building artifacts and debris fields, analysis was able
to conclude that wind caused significant damage before the arrival of flood.*

**DESCRIPTION OF DAMAGE**

*The winds of hurricane Katrina destroyed the home leaving only
the timber post foundation and a few floor joists.*

**ANALYSIS AND CONCLUSIONS**

*We examined the site, reviewed, the general surrounding area,
reviewed photos supplied by the owner and documented the site with
photos.  We considered the different weather reports.  We came to the
following conclusion and observations:*

1.      *It is our firm opinion that wind destroyed the Flores
        residence prior to the arrival of the flood waters.
        Hurricane force winds systematically removed
        portions of the roof and then the walls.  The debris
        from the home were then blown atop the flood water
        away from the site.*

In my view, this is not the full and fair disclosure required by F.R.Civ.P.
26(a)(2)(B) and by Local Rule 26.1(A)(2).  From this document it would be impossible
for State Farm's representatives to know the factual basis of Emery's opinions.  Emery
has not specified the wind speed, direction, and the time he calculated the arrival of the
storm winds at the Flores property.  Emery has not disclosed the calculations he made to
determine the winds were sufficient to "systematically remove portions of the roof
and then the walls."  If Emery calculated the wind forces and the strength of the
structure necessary to support his conclusion "that wind destroyed the Flores residence
prior to the arrival of the flood waters", he does not disclose any of these calculations in
this report.

Nor did Emery provide this information during his deposition.  Emery did not
have the benefit of any eyewitness evidence, and there was no storm debris present at
the time he made his site inspection in 2009.  Emery testified that nothing he saw
during his site inspection was important in forming his ultimate opinions.  Emery
testified that his opinion was substantially based on the type of damage he observed at
the Jordan River Estates, and area two miles downstream from the insured property.
None of this is sufficient to support the opinion Emery offers.  Without more, Emery's
conclusions are inadmissible because they rest on an inadequate factual foundation.

-3-

Accordingly, I will grant State Farm's motion to exclude Emery's testimony.  An appropriate order will be entered.

Decided this 11th day of August, 2010.

s/ L. T. Senter, Jr

L. T. SENTER, JR

SENIOR DISTRICT JUDGE