**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**GREG FLORES, ET AL.**                                                          **PLAINTIFFS**

**V.**                                                    **CIVIL ACTION NO.1:08CV471 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**                          **DEFENDANT**

**MEMORANDUM OPINION GRANTING DEFENDANT'S**
**MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFFS' EXPERT WITNESS**
**HAROLD PUDERER, JR.**

The Court has before it State Farm Fire and Casualty Company's (State Farm) motion [70] to exclude the testimony of Harold Puderer, Jr. (Puderer), one of the expert witnesses designated by Plaintiff Greg Flores (Flores).  For the reasons set out below, this motion will be granted.

Flores has designated Puderer as an expert witness to establish the replacement cost of a residence destroyed during Hurricane Katrina.  The Flores property was situated at 4020 Greenland Street, Bay St. Louis, Mississippi.  State Farm insured the property under its policy number 24-CG-2004-8, providing coverage limits of $97,700 in dwelling coverage, $9,700 in dwelling extension coverage, and $73,275 in personal property coverage.

The policy provides dwelling coverage for "accidental direct physical loss to the property" described in the declarations.  The policy provides personal property coverage for "accidental direct physical loss to the property" from specified perils including:

2.      ***Windstorm or hail***. *This peril does not include loss to property*
*contained in a building caused by rain, snow, sleet, sand or dust.*
*This limitation does not apply when the direct force of wind or*
*hail damages the building causing an opening in a roof or wall*
*and the rain, snow, sleet, sand or dust enters through this opening.*

The policy excludes from all coverages water damage defined as:

c.      ***Water Damage***, *meaning:*
*(1) flood, surface water, waves, tidal water, tsunami, seiche,*
*overflow of a body of water, or spray from any of these, all*
*whether driven by wind or not;*

The *LOSS SETTLEMENT* provision of the policy provides:

**COVERAGE A - DWELLING**

1.   ***A1 - Replacement Cost Loss Settlement - Similar Construction***

a.   *We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered under **SECTION 1 - COVERAGES, COVERAGE A - DWELLING,** except for wood fences subject to the following:*

(1)   *until actual repair or replacement is completed we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the **DECLARATIONS**, not to exceed the cost to repair or replace the damaged part of the property.*

(2)   *when the repair or replacement is actually completed, we will pay the additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **DECLARATIONS**, whichever is less;*

(3)   *to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed . . .*

The insured property has never been replaced or repaired.  Thus, testimony of the replacement cost of the property at current prices is not relevant to any issue in dispute.  Given the undisputed facts of this case, benefits due under the State Farm policy, if any, would be measured by the actual cash value of the insured property at the time of the loss.

When Flores designated Puderer as an expert he provided only one document from which Puderer's anticipated testimony could be discerned.  This document was a hand-written, one page preliminary estimate of replacement cost at the prices current in 2009, the time the document was prepared.  Puderer made his replacement cost estimate based on a cost of $130 per square foot, but he gives no indication why this figure is applicable and he does not otherwise disclose his basis for the use of this per square foot figure.

In my view, this is not the full and fair disclosure required by F.R.Civ.P. 26(a)(2)(B) and by Local Rule 26.1(A)(2).  From this one-page document it would be impossible for State Farm's representatives to know the basis of the calculation Puderer used to arrive at his per-square-foot figure or the factual support for that calculation.  Puderer's opinion sheds no light on the actual cash value of the insured property at the time of the loss.

Accordingly, I will grant State Farm's motion to exclude Puderer's testimony.  An appropriate order will be entered.

Decided this 11TH day of August, 2010.


s/ L. T. Senter, Jr.

L. T. SENTER, JR

SENIOR DISTRICT JUDGE