UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


GREG FLORES, BRIAN FLORES, SUSAN F. HAMILTON,                PLAINTIFFS
DONALD FLORES, JR., AND MARK FLORES

V.                                          CIVIL ACTION NO. 1:08cv471-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                          DEFENDANT

### ORDER

On July 12, 2010, this Court entered an Order (docket entry [82]) denying Defendant's [66] Motion for Partial Summary Judgment on the issues of punitive and extra-contractual damages. On August 12, 2010, the Court entered Orders (docket entries [84] [86]) excluding the testimony of two of Plaintiffs' expert witnesses. In paragraph 7 of the proposed pretrial order submitted to the Court, there is a statement that "[d]ue to the Court's August 12, 2010 ruling on Plaintiffs' experts, Defendant will *ore tenus* move the Court [sic] reconsider its Order denying Defendant's Motion for Partial Summary Judgment on Punitive and Extra-Contractual damages."

The Court's order denying partial summary judgment was rendered independently of its rulings on the expert witnesses. If the Court decides that the issues of punitive and extra-contractual damages will be considered by the jury, that decision, consistent with its earlier order, will most likely be based on the manner in which the claims under the subject insurance policy, particularly for dwelling and contents, were handled by Defendant; whether Defendant failed to conduct a prompt, thorough, and adequate investigation of damages to Plaintiffs' vacation home; and whether Defendant delayed payment of covered losses when, more than four years after the storm, Defendant unconditionally tendered to Plaintiffs a check in the amount of $27,433.27 for structure damage only.

The insurance policy in the instant case covers dwelling coverage for "accidental direct physical loss to the property described in Coverage A except as provided in Section I-Losses Not Insured," and personal property coverage for "accidental direct physical loss to property described in Coverage B caused by the following perils, except as provided in Section I-Losses Not Insured." Coverage includes windstorm or hail "when the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain . . . sand or dust enters through this opening." Losses caused by flood are excluded from coverage.

Plaintiffs have established "accidental direct physical loss" and, by its unconditional tender of policy benefits, Defendant has acknowledged covered non-excluded damages to the structure. In *Broussard v. State Farm Fire and Casualty Co.*, 523 F.3d 618 (5th Cir. 2008), the court of appeals discussed the respective burdens of proof under the dwelling and personal property coverages, and rejected State Farm's "shifting back" theory.

The questions of a legitimate or arguable basis for Defendant's conduct; the adequacy of the investigation; and gross negligence remain open, regardless of the Court's decisions on Plaintiffs' experts.  Therefore, the *ore tenus* motion to reconsider the Court's order (docket entry [82] denying partial summary judgment is not well taken.

Accordingly, **IT IS ORDERED**:

Defendant's *ore tenus* Motion to Reconsider is **DENIED**.

**SO ORDERED** this the 24th day of August, 2010.

                                              s/ L. T. Senter, Jr.
                                              L. T. SENTER, JR.
                                              SENIOR JUDGE